UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORIA NUNEZ,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 2:15-cv-01871-RFB-NJK<br><br>**ORDER** |

On October 29, 2015, the Court granted Plaintiff's amended application to proceed *in forma pauperis* and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). Docket No. 4. The Court and, therefore, dismissed Plaintiff's Complaint with leave to amend. *Id*.

On October 30, 2015, Plaintiff filed an Amended Complaint. Docket No. 6. On November 5, 2015, the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e). The Court found that Plaintiff had corrected many of the deficiencies it noted in its screening of her Complaint. *See* Docket No. 6. Importantly, however, the Court found that Plaintiff had, once again, failed to show that her civil action is timely filed. *Id*.

The Complaint indicates that the Appeals Council denied the request for review on July 23, 2015. *See* Docket No. 5 at ¶ 8. This case was filed on September 29, 2015, more than 60 days after that denial. While the Complaint indicates that, on September 21, 2015, Plaintiff's counsel requested an extension of time in which to commence a civil action, it fails to attach the Appeals Council's order granting that extension and fails to state the date that the Appeals Council set as the extended deadline. Therefore, the

Court found that the Complaint has not sufficiently shown that the civil action is timely. Docket No. 6 at 4. The Amended Complaint not only fails to correct the noted deficiency by attaching the Appeal Council's order, it actually omits the allegation that Plaintiff's counsel requested an extension of time in which to commence a civil action. *Id*. at 2. Therefore, the Court found that the Amended Complaint has not sufficiently shown that the instant action was timely commenced. Docket No. 7 at 2. The Court dismissed the Amended Complaint with leave to amend, if Plaintiff believed she could make the necessary showing that this action has been timely commenced. *Id*. The Court specifically stated that failure to do so by December 4, 2015, would result in a recommendation of dismissal of this action. *Id*.

On December 4, 2015, Plaintiff filed a Second Amended Complaint. Docket No. 8. Plaintiff again alleges that her counsel requested an extension of time in which to commence a civil action on September 21, 2015. *Id*. at 2. Plaintiff further alleges that, on November 6, 2015, her counsel sent a follow-up letter to the Appeals Council, seeking status of her extension request. *Id*. To date, though she does not specifically allege it in her Second Amended Complaint, Plaintiff has not received a response from the Appeals Council, either granting or denying her request for extension. *Id*. The Court, therefore, remains unable to determine whether the instant action was timely filed.

Based on the foregoing,

**IT IS ORDERED** that the Court **DEFERS** screening of the Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e), at this time. Plaintiff will have until **January 8, 2016**, to supplement her Second Amended Complaint with the necessary showing that this action has been timely commenced. Failure to make the necessary showing that this action has been timely commenced by January 8, 2016, will result in a recommendation of dismissal to the District Judge.

IT IS SO ORDERED.

Dated: December 7, 2015.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE